**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44781-82**

| | |
|---|---|
| STATE OF IDAHO, | ) 2018 Unpublished Opinion No. 351 |
| | ) |
| Plaintiff-Respondent, | ) Filed: February 12, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| BRADLEY RICHARD BOGGS, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John Thomas Mitchell, District Judge.

Orders relinquishing jurisdiction, orders denying Idaho Criminal Rule 35 motion, and sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Bradley Richard Boggs pleaded guilty to operating a motor vehicle while under the influence of drugs (DUI), Idaho Code §§ 18-8004, 18-8005. The district court imposed a determinate ten-year sentence. The district court suspended the sentence and placed Boggs on a term of probation. Boggs admitted to violating the terms of his probation and the district court continued Boggs' probation. Next, Boggs admitted violating the terms of his probation and entered an *Alford*[1] plea to aggravated assault, I.C. §§ 18-901, 18-905, and domestic battery, I.C. §§ 18-903, 18-918(2). The district court revoked Boggs' probation and imposed a unified

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

five-year sentence, with two years determinate, for the aggravated assault and a unified ten-year sentence, with two years determinate, for the domestic battery. The aggravated assault sentence and domestic battery sentences were to run concurrently with one another and consecutive to the DUI sentence. The district court suspended the sentences and retained jurisdiction, and Boggs was sent to participate in the rider program. After a period of retained jurisdiction, the district court relinquished jurisdiction and ordered execution of the original sentences. Boggs filed an Idaho Criminal Rule 35 motion, which the district court denied. Boggs appeals, contending that the district court abused its discretion by imposing excessive sentences, relinquishing jurisdiction, and denying his I.C.R. 35 motions.

Boggs contends that his aggravated assault and domestic battery sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Boggs has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Last, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the

record, including any new information submitted with Boggs's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

The district court's orders relinquishing jurisdiction and denying the I.C.R. motion, and Boggs' sentences are affirmed.